IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRANSPORT INTERNATIONAL POOL, INC., | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 06-1812 |
| ROSS STORES, INC. | : | |

**SURRICK, J.** **APRIL __15__, 2009**

**MEMORANDUM**

Presently before the Court is Defendant Ross Store, Inc.'s Motion for a More Definite Statement, or, in the Alternative, to Dismiss Plaintiff's Second Amended Complaint. (Doc. No. 13.) For the following reasons, the Motion will be denied.

**I. BACKGROUND**

Plaintiff Transport International Pool, Inc., is a Pennsylvania corporation that leases trailers to customers in the trucking industry. (Doc. No. 11 ¶¶ 1, 3 (hereinafter "Second Am. Compl.").) In this diversity action, Plaintiff claims that Defendant Ross Stores, Inc., leased trailers from Plaintiff and then breached the lease agreements by failing to tender certain payments to Plaintiff and failing to return four trailers to Plaintiff. (*Id.* ¶¶ 7-14.) Defendant has moved for a more definite statement, or in the alternative, to dismiss the Second Amended Complaint. (Doc. No. 13.) We will briefly recount the procedural history of this case before discussing the substance of Plaintiff's allegations and Defendant's Motion.

Plaintiff commenced this lawsuit on October 11, 2005, as two separate actions in the Court of Common Pleas in Chester County, Pennsylvania. On April 28, 2006, Defendant

removed the actions to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. (Doc. No. 1.) Shortly thereafter, Defendant moved for a more definite statement under Federal Rule of Civil Procedure 12(e), or in the alternative, for dismissal of the two actions under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 2.) While that motion was pending, Defendant moved to have the two actions consolidated into one. (Doc. No. 3.) We granted Defendant's motion to consolidate. (Doc. No. 5.) On May 19, 2006, Plaintiff filed its First Amended Complaint. (Doc. No. 6.) Defendant's pending motion for a more definite statement was dismissed as moot. (Doc. No. 7.) Defendant then filed a motion for a more definite statement regarding the First Amended Complaint. (Doc. No. 8.) On June 22, 2006, upon stipulation with Defendant, Plaintiff filed a Second Amended Complaint (Doc. No. 11) while the motion for more definite statement regarding the Amended Complaint was still pending. That motion was then dismissed as moot. (Doc. No. 12.) Finally, Defendant filed a motion for more definite statement regarding the Second Amended Complaint. (Doc. No. 13.) Plaintiff responded (Doc. No. 15), and the matter is now ripe for disposition.

Plaintiff's Second Amended Complaint contains twenty-six paragraphs and one count alleging breach of contract. As noted above, Plaintiff is in the business of leasing trailers to trucking companies. (Second Am. Compl. ¶ 3.) The Second Amended Complaint alleges that Plaintiff entered into a series of agreements with Defendant, including a "Vehicle Lease Agreement . . . for the rental of sixty [t]railers, [a] Vehicle Lease Agreement . . . for the rental of thirty trailers, as well as at least ten short-term leases for additional [t]railers." (*Id.* ¶ 7.) The Second Amended Complaint identifies the vehicle lease agreements by number and includes them as exhibits. (*See id.*, Ex. A.) It does not attach the short-term leases. Plaintiff alleges that

Defendant "has failed to pay [Plaintiff] the total amount of $96,559.01 in unpaid invoices," which are attached to the Second Amended Complaint as exhibits. (*Id.* ¶ 11; *see id.*, Ex. B.) In addition, Plaintiff alleges that Defendant "has failed to return four [t]railers," which are identified in the Second Amended Complaint by state license number, vehicle identification number, and a unit number assigned to them by Plaintiff. (*Id.* ¶ 12.) Plaintiff alleges that it has demanded return of the identified trailers and that Defendant has refused to return them. (*Id.* ¶ 14.)

Defendant now requests that the Court enter an order "requiring the plaintiff to file a third amended complaint alleging, with specificity, which lease agreements are applicable to [the] missing trailers (and attaching them thereto)." (Doc. No. 13 at 5.) In the alternative, Defendant seeks dismissal of the Second Amended Complaint. (*Id.*) Defendant also requests that we strike two damage claims from the Second Amended Complaint: paragraph 25(e), which asserts a claim for "Penalties for early termination of the Lease Agreements for each of the [t]railers that have been returned to" Plaintiff, and paragraph 25(g), which asserts a claim for "[s]torage fees." (*See id.* at 6; Second Am. Compl. ¶¶ 25(e), (g).)

## II. LEGAL ANALYSIS

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) is part of the "district court's case-management arsenal," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 593 n.13 (2007) (discussing some of the case-management tools afforded to district courts by the Federal Rules of Civil Procedure), that, in conjunction with the rest of Rule 12 and

Rule 8, serves "to frame and govern [the] court's assessment of the quality of a pleading." *Sony BMG Music Entm't v. Cloud*, No. 08-1200, 2008 U.S. Dist. LEXIS 64373, at *4 (E.D. Pa. Aug. 28, 2008). Generally speaking, "Rule 12(e) motions are disfavored in light of the liberal pleading standards established by Fed. R. Civ. P. 8(a)." *Snyder v. Brownlow*, No. 93-5228, 1993 U.S. Dist. LEXIS 17569, at *3 (E.D. Pa. Dec. 13, 1993); *see also Cumis Ins. Soc'y, Inc., v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997) (noting that Rule 12(e) motions are "generally disfavored"). "The prevailing standard employed by Third Circuit courts is to grant a Rule 12(e) motion 'when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" *MK Strategies, LLC, v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (*quoting Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232-33 (D.N.J. 2003)) (modification in original; quotations omitted). Rule 12(e) motions are not a substitute for the discovery process. *See, e.g.*, *Steinberg v. Guardian Life Ins. Co.*, 486 F. Supp. 122, 123 (E.D. Pa. 1980) (finding Rule 12(e) inapplicable where "[a]dditional information may be obtained from the discovery procedures"); *MK Strategies*, 567 F. Supp. 2d at 737 (stating that Rule 12(e) motions are not appropriate where the more definite statement sought "presents a proper subject for discovery").

The Second Amended Complaint is not so vague or ambiguous that Defendant cannot respond. It contains "a short and plain statement" of Plaintiff's claim as required by Rule 8. *See* Fed. R. Civ. P. 8(a)(2). Defendant asserts that "[a] party cannot bring a lawsuit claiming that a defendant has breached a contract and then fail to identify the contract at issue." (Doc. No. 13 at 5.) However, the Second Amended Complaint alleges that Plaintiff and Defendant were engaged in a business relationship. As part of that relationship, Defendant leased certain trailers from

Plaintiff. Plaintiff claims (1) that Defendant did not pay money owing under the leases for those trailers, and (2) that Defendant has failed to return four specified trailers. These allegations are sufficiently clear and limited in scope such that Defendant can frame a responsive pleading. *See Steinberg*, 486 F. Supp. at 123 (noting that "'the thrust of Rule 12(e) is designed to strike at unintelligibility rather than want of detail'" (*quoting* 2A Moore's Federal Practice § 12.18 (2d ed. 1979))).

Defendant concedes as much in its Motion when it argues that it "has repeatedly denied that it has breached any contract with [Plaintiff] or that it failed to return any of [Plaintiff's] trailers." (*Id.*) Defendant does not elaborate on this argument, but as presented the argument demonstrates that Defendant is capable of responding in the form of a denial. The purpose of Rule 12(e) is to provide parties with a mechanism for requesting the court to assist them in obtaining information sufficient to "reasonably prepare a response." *See* Fed. R. Civ. P. 12(e). Rule 8(b) sets the standard for responsive pleading. It not only affords a party the ability to assert specific and general denials, Fed. R. Civ. P. 8(b)(2), (3), it also affords a party the ability to assert that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation," Fed. R. Civ. P. 8(b)(5). Responses premised on Rule 8(b)(5) "ha[ve] the effect of a denial." *Id.* By asserting that it has "repeatedly denied" that it has breached any contract with Plaintiff and that it has not failed to return trailers, Defendant is, in effect, stating a response that would be permissible under Rule 8(b). Defendant's failure to explain why it can assert denials in motions but not in a responsive pleading is perplexing.

Defendant's request that the Court order Plaintiff to attach the lease agreements at issue

to an amended complaint misapprehends the pleading requirements set out in Rule 8(a).[1] A plaintiff pleading a breach of contract in federal court does not need to attach the contract to the complaint. *See, e.g.*, *Jones v. Select Portfolio Servicing, Inc.*, No. 08-973, 2008 U.S. Dist. LEXIS 33284, at *10 (E.D. Pa. Apr. 23, 2008) ("A plaintiff is not required to attach the subject contract to the complaint . . . ."); *Lone Star Indus., Inc., v. Nelstad Material Corp.*, 811 F. Supp. 147, 148 (S.D.N.Y. 1993) ("[N]otice pleading under [Rule] 8 permits allegations concerning governing documents even if not attached to the complaint."). Rule 8(a) "permits a plaintiff to assert the existence of an express, written contract either by setting it forth verbatim in the complaint, . . . 'attach[ing] a copy as an exhibit, or plead[ing] it according to its legal effect.'" *Pierce v. Montgomery County Opportunity Bd., Inc.*, 884 F. Supp. 965, 970 (E.D. Pa. 1995) (*quoting* 5 Charles A. Wright, Arthur R. Miller, *Federal Practice and Procedure* § 1235 at 272, 273 (1990); *citing Goshen Veneer Co. v. G. & A. Aircraft Inc.*, 3 F.R.D. 344, 345 (E.D. Pa.

---

[1] Defendant may be confusing the liberal pleading standards afforded under Rule 8 with the stricter, fact-pleading standards of the Pennsylvania Rules of Civil Procedure, which, in pertinent part, require plaintiffs to attach written contracts to their complaints. *See* Pa. R. Civ. P. 1019(i) ("When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing."); *see also Presbyterian Med. Ctr. v. Budd*, 832 A.2d 1066, 1071 (Pa. Super. Ct. 2003) (affirming trial court's dismissal of the plaintiff's breach of contract claim for failure to comply with Pa. R. Civ. P. 1019(i)). Not only does the Pennsylvania standard not apply in federal court, Defendant overlooks the fact that it deprived itself of the protections afforded by Pennsylvania Rule 1019(i) by removing this action to federal court.

Defendant may also be attempting to capitalize on Plaintiff's candid acknowledgment in the Second Amended Complaint that Plaintiff "has not located the original short term leases." (Second Am. Compl. ¶ 7.) Plaintiff states that it is searching for the leases and will provide them to Defendant upon locating them. (*Id.*) While the unavailability of the short term leases may prove to be a problem at a future point in the case if Plaintiff cannot locate them, it is not something we need to address when evaluating the sufficiency of the Second Amended Complaint under Rule 12(e).

1944); *Stephens v. Am. Home Assurance Co.*, 811 F. Supp. 937, 958 (S.D.N.Y. 1993)). When a plaintiff pleads a contract according to its legal effect, the complaint does not need to resort to formulaic recitation of the elements of the alleged contract; rather, the complaint must allege facts sufficient to place the defendant on notice of the contract claim in such a way that the defendant can reasonably respond. *See Cumis*, 983 F. Supp. at 798 (looking to the "essence" of the plaintiff's breach of contract allegations as the basis for denying the defendant's Rule 12(e) motion); *Direct Comms., Inc., v. Horizon Retail Constr., Inc.*, 387 F. Supp. 2d 828, 833 (N.D. Ill. 2005) (noting that the plaintiff had "sufficiently identified the basic contents of the agreement as well as the relevant parties" and denying the defendant's Rule 12(e) motion); *see also Pierce*, 884 F. Supp. at 970 (rejecting the defendant's argument that the plaintiff's contract claim should be dismissed because it was not attached to the complaint where the elements of the contract could be "reasonably inferred").

Defendant has not articulated a convincing reason as to why it needs a more definite statement in order to respond. Moreover, all the information that it purports to need can be obtained through discovery. *See Steinberg*, 486 F. Supp. at 123 (denying the defendant's Rule 12(e) motion because discovery could provide more definite information). Accordingly, Defendant's Motion for a more definite statement will be denied.[2]

Defendant also requests the Court to strike paragraphs 25(e) and (g). (Doc. No. 13 at 6.) Defendant does not support this request with citation to any rule of procedure or case law. Nevertheless, we consider this request despite the deficiency in Defendant's Motion. Rule 12(f)

---

[2] For the reasons discussed above, we are satisfied that the Second Amended Complaint states a claim for relief. Accordingly, Defendant's alternative request for a Rule 12(b)(6) dismissal for failure to state a claim must also fail.

permits courts to strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored. *See, e.g.*, *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007). "To prevail, the moving party must demonstrate that 'the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or [that] the allegations confuse the issues.'" *Id.* at 428-29 (*quoting River Rd. Dev. Corp. v. Carlson Corp. - Ne.*, No. 89-7037, 1990 U.S. Dist. LEXIS 6201, at *7 (E.D. Pa. May 23, 1990) (alteration in original)). Paragraph 25(e) alleges damages in the form of penalties for early termination of the Lease Agreements for the trailers that have been returned to Plaintiff. (Second Am. Compl. ¶ 25(e).) Paragraph 25(g) alleges damages in the form of storage fees. (*Id.* ¶ 25(g).) Although Defendant is correct in pointing out that the damages claimed in paragraphs 25(e) and (g) are confusing in light of the factual allegations in the Second Amended Complaint, they are not so confusing as to cause prejudice to Defendant. Given the narrow scope of the arrangements identified in the Second Amended Complaint, Defendant should have no trouble obtaining discovery on and defending against these claims.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for a More Definite Statement, or, in the Alternative, to Dismiss Plaintiff's Second Amended Complaint will be denied.

An appropriate Order will follow.

BY THE COURT:

R. Barclay Surrick, Judge